# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARCYNE BROWN, | ) |
| Plaintiffs, | ) Case No.: 2:12-cv-01798-GMN-CWH |
| vs. | ) |
| | ) **ORDER** |
| CHAPEL FUNDING, LLC; BAC HOME LOAN SERVICING, LLP; RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"); NEVADA TITLE; BANK OF NEW YORK MELLON FKA: ET AL; AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS TITLE THERETO; and DOES 1 to 100, inclusive, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendants BAC Home Loan Servicing, LLP, Bank of New York Mellon, Mortgage Electronic Registration System ("MERS"), and ReconTrust Company (collectively, "Defendants"). Defendant Nevada Title filed a joinder to the motion. (ECF No. 9.) Plaintiff Marcyne Brown ("Plaintiff") failed to file an opposition.

## I.      BACKGROUND

Plaintiff filed this action pleading five causes of action: (1) wrongful foreclosure; (2) fraud; (3) quiet title; (4) declaratory relief; and (5) violation of the Real Estate and Settlement Procedures Act (RESPA).  Subsequently, on December 7, 2012, Defendants BAC

Home Loan Servicing, LLP, Bank of New York Mellon, Mortgage Electronic Registration System ("MERS"), and ReconTrust Company filed this Motion to Dismiss. (ECF No. 6.) Additionally, Defendant Nevada Title filed a joinder to the motion. (ECF No. 9.) Any opposition to Defendants' motion was due on or before December 24, 2012. D. Nev. R. 7-2(b).

Due to Plaintiff's failure to oppose the motion, this Court granted Defendants' Motion to Dismiss and ordered Defendants to "file a Proposed Order for the Court's signature." (ECF No. 11.) In response, Defendants filed a proposed order but failed to address the five factors that district courts must consider before dismissing an action for failure to follow a local rule. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Accordingly, the Court issues this Order granting Defendants' Motion to Dismiss due to Plaintiff's failure to oppose that motion.

## II.     DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*,

No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Plaintiff has failed to take any action in this lawsuit since filing the action in October 2012.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.  However, in consideration of Plaintiffs' pro se status, the Court will dismiss Plaintiffs' Complaint without prejudice.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice.**

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 8th day of January, 2013.

_____
Gloria M. Navarro
United States District Judge